Harold W. STARR, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2859.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 20, 1961.

Decided Jan. 8, 1962.

James H. Heller, Washington, D. C., with whom Monroe Oppenheimer and Lawrence Speiser, Washington, D. C., were on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

Appellant was charged with failure to comply with the direction displayed by a traffic signal. After posting collateral of $5 he appeared in court and contested the charge. He was found guilty and a fine of $5 was imposed. He then applied to this court for the allowance of an appeal.[1] In his application he alleged that when he announced in the trial court his intention to apply for an appeal, he was compelled to post "an appeal bond" of

$200. This allegation, rather than the merits of the controversy, caused us to allow the appeal; and in our order of allowance we called upon the trial court for a full explanation of why the appeal bond was fixed at $200.

The statement of proceedings and evidence duly signed by the trial court and filed herein contains the following paragraph:

"At the conclusion of all the evidence, the Court found the defendant guilty of the offense charged and sentenced him to pay a fine of $5.00. The Clerk informed the Court that the defendant had posted $5.00 collateral. Thereafter, the defendant informed the trial court that he desired to appeal from the Court's finding. The Court stated that, if the defendant wished to appeal, an appeal bond would have to be set. The Court asked the Assistant Corporation Counsel, who was conducting the prosecution, for a recommendation as to the amount of the appeal bond. The Assistant responded with a recommendation of a minimum bond of $100.00. The Court then stated that a $100.00 bond might not be high enough to protect defendant's right of appeal. Thereafter, the Assistant Corporation Counsel suggested a bond of $300.00, but the Court thought that $200.00 would be a sufficient bond."

We cannot understand the statement of the trial court that "a $100.00 bond might not be high enough to protect defendant's right of appeal." Defendant's right of appeal was in no way dependent upon the amount of bail. The bail fixed by the court, far from protecting defendant's right of appeal, placed an undue burden on it. To secure $200 bail through a professional bondsman would have cost him $16,[2] more than three times the amount of the fine. Posting $200 in cash, as he did,

1. Code 1961, § 11–772(a).

2. Municipal Court Criminal Rule 5, I, 11.

deprived him of the use of that money until his appeal was decided.

Rule 27(A) (2) (c) of the Criminal Rules of the trial court requires a defendant who seeks or takes an appeal, and who desires a stay of execution, to post bail in an amount approved by the court; and the trial court in the instant case undoubtedly had the right to fix the amount of bail. However, the function of bail pending appeal is simply to ensure that the sentence will be served or, as in this case, that the fine will be paid, if the conviction is affirmed on appeal. The amount of bail must bear some reasonable relation to the purpose for which it is given. In the present case the fine was $5. The bail was to ensure the payment of that sum—and no more—if appellant's application for appeal was denied, or if he abandoned his appeal, or if on appeal his conviction was affirmed. Requiring bail of $200—forty times the amount of the fine—was completely unjustified. The practicable approach would have been to allow the posted collateral to stand as cash bail.

Whatever may have been the trial court's reason for fixing the bail at $200, its action was wrong and merits our strongest disapproval. Despite our disapproval there is no relief we can now give appellant with respect to the bail. The bail was given and no request was made that we reduce it. The case is here and ready for disposition on the merits.

Turning to the merits of the case we cannot agree with appellant's contention that the evidence as disclosed by the statement of proceedings and evidence did not warrant a judgment of conviction. Appellant says the statement of evidence is inaccurate and incomplete, but we are bound by the record certified to us by the trial court. The record discloses a typical traffic case presenting an issue of fact for the trial court's determination. The court decided the issue against appellant and we cannot say its decision was plainly wrong or without evidence to support it.

Affirmed.