**Charles H. LOMAX, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 3661.

District of Columbia Court of Appeals.

Argued May 3, 1965.

Decided July 8, 1965.

---

John McDaniel, Washington, D. C., for appellant.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

By information filed August 4, 1964, appellant was charged with making an indecent exposure of his person in violation of Code 1961, § 22–1112(a).[1] A plea of guilty was entered on August 6, 1964, and the case was continued for report and sentence. Thereafter on October 23, 1964, as a result of a statement filed by the Corporation Counsel pursuant to Code 1961, § 22–3504 (c),[2] the court ordered that appellant submit to a psychiatric examination at the District of Columbia General Hospital for the purpose of determining whether he was a sexual psychopath. In the report subsequently filed with the court, two psychiatrists concluded that appellant was a "sexual psychopath as defined in the Sexual Psychopath Statute,"[3] and "recommended that he receive treatment for his condition." A hearing was held on November 19, 1964, as required by Code 1961, § 22–3507,[4] to determine whether appellant was a sexual psychopath.

At the hearing, the court noted that appellant had previously been convicted of indecent exposure on May 11, 1948, in the Municipal Court for the District of Columbia. It then heard evidence which was, in substance, as follows:

A female witness age 26, testified that on August 1, 1964, she observed appellant standing in a doorway in the 4400 block of Wisconsin Avenue, Northwest. She testified further that he was naked from his waist down, that his private parts were exposed, and that her feelings were injured by this sight.

One of the examining psychiatrists testified that in his opinion appellant was a sexual psychopath within the statutory definition. He testified further that appellant admitted to him that he had exposed himself on an occasion other than the two resulting in criminal charges, and that his impulses were very hard to control. The

1. "It shall not be lawful for any person or persons to make any obscene or indecent exposure of his or her person, or to make any lewd, obscene, or indecent sexual proposal, or to commit any other lewd, obscene, or indecent act in the District of Columbia * * *."

2. "Whenever it shall appear to any court that any defendant in any criminal proceeding pending in such court is a sexual psychopath, the court may, if it deems such procedure advisable, direct the officer prosecuting the defendant to file with the clerk of such court a statement in writing setting forth the facts tending to show that such defendant is a sexual psychopath."

3. Code 1961, § 22–3503 et seq.

4. "If, in their reports filed pursuant to section 22–3506, both psychiatrists state that the patient is a sexual psychopath, * * * then the court shall conduct a hearing in the manner provided in section 22–3508 to determine whether the patient is a sexual psychopath. * * *"

doctor stated that although his conduct was offensive to others, appellant was not so dangerous as to attack anyone. He testified that appellant had a serious alcoholic problem related to the control of his sexual impulses and that in order to treat his condition it would be necessary to keep him under hospital supervision for a considerable period of time.

Testifying in his own behalf, appellant admitted exposing himself on the date set forth in the information and stated that he did not think any treatment could help him and that commitment to a hospital would be useless.

Following the hearing, the court entered an order committing appellant to Saint Elizabeths Hospital as a sexual psychopath pursuant to Code Section 22–3508.[5]

■ Appellant contends that the evidence before the trial court did not show a course of "repeated" sexual misconduct sufficient to bring him within the terms of Code Section 22–3503(1) which defines a sexual psychopath as:

> "* * * a person, not insane, who by a course of repeated misconduct in sexual matters has evidenced such lack of power to control his sexual impulses as to be dangerous to other persons because he is likely to attack or otherwise inflict injury, loss, pain, or other evil on the objects of his desire."

However, the trial court was presented with evidence of three separate acts of indecent exposure on the part of appellant along with his statements that his "impulses were very hard to control" and that he did

not think "any treatment could help him." This evidence was sufficient to demonstrate "a course of repeated misconduct in sexual matters" within the statutory definition.[6]

■ Nevertheless, appellant would have us read the statute as if the word "repeated" actually meant "habitual" and declare that the evidence did not establish a course of habitual sexual misconduct. While it is true that our statute was modeled after the judicial interpretation of a Minnesota statute,[7] under which a sexual psychopath is a person who engages in a "habitual course of sexual misconduct," Congress clearly intended a different standard to be applied. The legislative history bears this out, for it demonstrates that while Congress was fully aware of the Minnesota act, it drafted our statute so that a showing of only repeated, rather than habitual, misconduct would have to be made before a person could be committed as a sexual psychopath. Thus the report accompanying the bill stated:

> "Sexual psychopath is defined substantially in the language used by the Minnesota Supreme Court in interpreting the definition of the Minnesota statute. This interpretation was accepted by the Supreme Court of the United States in Minnesota ex rel. Pearson v. Probate Court [309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744 (1940)]. By the definition title II is restricted to persons who by misconduct *on more than one occasion* have evidenced that they are dangerous because of their lack of power to control their sexual impulses." (Emphasis added.) [8]

---

5. "Upon the evidence introduced at a hearing held for that purpose, the court shall determine whether or not the patient is a sexual psychopath. * * * If the patient is determined to be a sexual psychopath, the court shall commit him to Saint Elizabeths Hospital to be confined there until released in accordance with section 22–3509."

6. See Carras v. District of Columbia, D.C. Mun.App., 183 A.2d 393 (1962) (de-

fendant found to be a sexual psychopath on the basis of three acts of indecedent exposure).

7. See Miller v. Overholser, 92 U.S.App.D.C. 110, 206 F.2d 415 (1953).

8. S.Rep. No. 1377, 80th Cong., 2d Sess. 6 (1948) (incorporating H.R.Rep. No. 1787).

As appellant comes within the statutory definition of sexual psychopath, the decision of the trial court is

Affirmed.